# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Edward M.,**
**Petitioner Below, Petitioner**

**FILED**

**June 16, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 16-0683** (Wetzel County 16-C-63)

**David Ballard, Warden,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Edward M.,[1] pro se, appeals the July 6, 2016, order of the Circuit Court of Wetzel County denying his petition for a writ of habeas corpus. Respondent David Ballard, Warden, Mt. Olive Correctional Complex, by counsel Zachary Aaron Viglianco, filed a summary response in support of the circuit court's order. Petitioner filed a reply.[2]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2005, petitioner was found guilty by a jury of having sexual contact with his nephew and another individual when both victims were minors.[3] The jury convicted petitioner on ninety-six

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]The record also contains an October 28, 2016, supplement to petitioner's initial brief.

[3]The record reflects that petitioner had sexual contact with his nephew from 1984 through 1988. With regard to the other victim, according to petitioner, he told police that he met the then eleven-year-old-boy in early 1996, and that sexual contact began in either 1997 or 1998 and (continued . . .)

1

counts of incest, ninety-six counts of sexual assault in the first degree, and sixty counts of sexual assault in the third degree. The circuit court originally sentenced petitioner to an aggregate term of ninety-five to 265 years of incarceration. However, by order entered on September 28, 2011, the circuit court corrected petitioner's sentences for his incest convictions to reflect the statutory penalty for that offense at the time of petitioner's crimes.[4] Accordingly, petitioner is now serving an aggregate sentence of eighty-five to 245 years of incarceration.

Petitioner had an omnibus hearing on June 13, 2008, following the filing of his first petition for a writ of habeas corpus. Petitioner was represented by counsel, who advised him not to testify at the omnibus hearing. Petitioner's habeas attorney did not assert ineffective assistance of trial counsel in the amended petition.[5] However, to make a record on ineffective assistance of trial counsel in the omnibus proceeding,[6] the circuit court inquired as to whether petitioner wanted to testify regarding that issue. Petitioner then informed his attorney that he would testify. During his testimony, petitioner made what he concedes on appeal were "crazy conspiracy theories" and "wild accusations against the [p]olice, [the p]rosecutor, and his own [trial] attorney." These accusations focused on some unclear conspiracy in the form of an audiotape containing petitioner's voice and religious broadcasts. On cross-examination, respondent questioned petitioner as to whether he forged a response to the ethics complaint he filed against his trial

---

continued until June of 2004 when the victim was almost twenty-years-old. Petitioner was sixty-two years old at the time of his June 13, 2008, omnibus habeas corpus hearing.

[4]The circuit court entered its September 28, 2011, order resentencing petitioner as a result of a May 12, 2011, order by this Court granting a petition for a writ of habeas corpus filed by petitioner and directing the circuit court to correct petitioner's sentences for his incest convictions in Supreme Court No. 10-4002. For necessary background information, we take judicial notice of the record in Supreme Court No. 10-4002, as well as in Supreme Court No. 14-0805 in which petitioner sought a copy of the complete file in his criminal case.

[5]Though petitioner asserted in his pro se habeas petition that trial counsel was ineffective, his habeas attorney advised that the claim be omitted from the amended petition because it lacked merit.

[6]In syllabus point 10 of *State v. Triplett*, 187 W.Va. 760, 421 S.E.2d 511 (1992), we held as follows:

> It is the extremely rare case when this Court will find ineffective assistance of counsel when such a charge is raised as an assignment of error on a direct appeal. The prudent defense counsel first develops the record regarding ineffective assistance of counsel in a habeas corpus proceeding before the lower court, and may then appeal if such relief is denied. This Court may then have a fully developed record on this issue upon which to more thoroughly review an ineffective assistance of counsel claim.

2

attorney by cutting and pasting.[7] While petitioner denied forging his trial attorney's name, respondent asserted that petitioner made a photo copy, "paste[d] it on" the purported response, and then "made a copy, which is what this appears to be[.]"

Following petitioner's testimony, his habeas attorney presented arguments regarding the issues raised in the amended petition: (a) that the indictment against petitioner contained counts that did not allow petitioner to ascertain the date, time, and manner of his alleged criminal conduct; and (b) that the evidence against petitioner was insufficient to convict him on many of the counts given that the testimony of the two victims was also vague and speculative regarding how many times they were molested by petitioner. Subsequently, by order entered on October 15, 2008, the circuit court found that petitioner's grounds for relief were without merit and denied his habeas petition. In denying habeas relief, the circuit court determined that petitioner was not credible by finding that petitioner's testimony "added nothing to the resolution of the issue[s] in this case" and that respondent's cross-examination established that petitioner forged the purported response from his trial attorney to support his claims of ineffective assistance. The circuit court further found that petitioner's unreliable testimony at the habeas hearing was similar to his trial testimony in which he refused "to testify in response to his [trial] counsel's questions," but provided "evasive and non-responsive answers which[, if cross-examined by the State,] would have had the effect of persuading the jury even further that [petitioner] was lying."

Petitioner filed the instant habeas petition on June 17, 2016, alleging that his habeas attorney was ineffective by (1) allowing petitioner to testify at the June 13, 2008, omnibus hearing, at which he "discredit[ed] and humiliate[d]" himself; and (2) failing to factually develop petitioner's claim that while the State proposed a plea offer providing a sentence of eight to forty years of incarceration, his trial attorney misinformed petitioner that the State was proposing a sentence forty to eighty years of incarceration. The circuit court denied habeas relief on July 6, 2016. In its order, the circuit court found that, upon "[a] complete review of the underlying criminal case file," probable cause did not exist "to believe that . . . petitioner [is] entitled to any relief whatsoever." The circuit court found that petitioner received "a full and fair evidentiary hearing" in the prior omnibus proceeding and, accordingly, any issue raised in that proceeding was "previously and finally adjudicated" pursuant to West Virginia Code § 53-4A-1(b).

Petitioner now appeals the circuit court's July 6, 2016, order denying habeas relief. We apply the following standard of review in habeas cases:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

---

[7]Respondent introduced the purported response at the June 13, 2008, omnibus hearing, and the document was subsequently entered into the record in Case No. 07-C-07.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006). "A prior omnibus habeas corpus hearing is res judicata as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing[.]" Syl. Pt. 4, *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981).

On appeal, petitioner contends that the circuit court erred in denying his instant petition prior to appointment of counsel and holding of a hearing given that he alleged ineffective assistance of habeas counsel. Respondent counters that the circuit court's denial of habeas relief should be affirmed given that a court may deny a habeas petition without a hearing or appointment of counsel "if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syl. Pt. 1, in part, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973). We agree with respondent.

In West Virginia, claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984): (a) counsel's performance was deficient under an objective standard of reasonableness; and (b) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). In reviewing such claims, "courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions." *Id.* at 6-7, 459 S.E.2d at 117-18, syl. pt. 6, in part.

Petitioner contends that his habeas attorney was ineffective in not calling his trial attorney to testify regarding his allegations that trial counsel performed deficiently in his criminal case. In making this contention, petitioner alleges that his habeas attorney believed his claim of ineffective assistance of trial counsel was of sufficient merit to include it in the amended habeas petition. However, the transcript of the June 13, 2008, omnibus hearing reflects that petitioner's habeas attorney "left out" that claim because he concluded that petitioner would not be able to show that trial counsel was ineffective under the *Miller/Strickland* standard. Petitioner's habeas attorney's decision not to present the claim that trial counsel provided ineffective assistance is supported by the circuit court's finding that, when petitioner was permitted to put on the record why he personally believed that his trial attorney was ineffective, his testimony was wholly unbelievable. We defer to the circuit court's determination of petitioner's credibility. *See State v. Guthrie*, 194 W.Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995) (finding that "[a]n appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact"). Therefore, we conclude that petitioner's habeas attorney was not ineffective in choosing not to call his trial attorney to testify regarding his allegations that trial counsel performed deficiently.

Next, petitioner contends that his habeas attorney failed to factually develop his claim that his trial attorney misinformed petitioner that the State was proposing a sentence forty to eighty years of incarceration as part of a plea bargain. However, the June 13, 2008, hearing transcript

4

reflects that respondent cross-examined petitioner on this claim, telling petitioner that "8 to 40 years [of incarceration] was the plea offer, wasn't it[.]" Though petitioner continued to deny that trial counsel informed him of the correct offer, the circuit court found that, in light of petitioner's lack of credibility, "nothing in the official record . . . even hints that [trial counsel] did not render effective services." Given petitioner's history of "lying" dating back to his trial testimony, we conclude that his habeas attorney was under no obligation to pursue a claim not supported by any evidence other than petitioner's own testimony.

Finally, while not entirely clear, petitioner may be also contending that his habeas attorney failed to adequately raise issues that were supported by the record. We reject any such claim because counsel presented oral argument at the omnibus hearing regarding the two issues raised in the amended petition. We find that the circuit court's denial of those grounds for relief does not mean that counsel inadequately raised those issues. Moreover, upon our review of the record in this case, we find that, even if petitioner's habeas attorney performed deficiently in some respect, the result of the prior omnibus proceeding would not have been any different. Therefore, we conclude that the circuit court did not abuse its discretion in denying petitioner's instant petition.

For the foregoing reasons, we affirm the circuit court's July 6, 2016, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED:**   June 16, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

5